Hay, Judge,
delivered the opinion of the court:
In this case the United States has filed a demurrer to the petition of the plaintiffs.
The petition alleges the following facts:
On September 11, 1917, the plaintiffs leased to the Chamber of Commerce of Jacksonville, Florida, a tract of land “ for and during the continuance of the war now in progress between the United States of America and the German Empire, provided, however, that this lease shall terminate and expire three years from the date hereof, it being the intent and purpose to create a lease to run for a period not longer than three years, which period is to expire upon the termination of said war should said war be terminated within three years from the date hereof.”
The Jacksonville Chamber of Commerce verbally agreed with the War Department of the United States that the land leased by it from the plaintiffs might be used by the United States as a part of the land upon which the United States might construct a training camp for troops of the Army, the said land being thereafter included in and forming a part of Camp Joseph E. Johnston. While the United States was in possession of the land of the plaintiffs under the lease the War Department erected buildings and placed improvements on the aforesaid tract of land and erected the base hospital of Camp Joseph E. Johnston and houses for nurses on said land.
*487 Among other provisions the lease provided as follows:
“And the lessors, for themselves, their heirs, legal representatives and assigns, covenant and agree with the lessee, its successors and assigns, that all buildings, fixtures and/or other improvements placed in and upon said land during said term by the lessee, its successors or assigns, shall remain the exclusive property of the lessee, its successors or assigns, and at all times during the period of three months next after the expiration of said term said lessee, its successors or assigns, may enter upon said land for the purpose of removing and may remove said buildings, fixtures and/or other improvements.”
On December 9,1920, the plaintiffs through their attorney advised the officer in charge of Camp Joseph E. Johnston that the three years specified in the lease would expire on December 11, 1920, and that the property should be on that date surrendered to the lessors, “ without further removal or molestation of any of the property remaining thereon.”
After some correspondence between the attorney of the plaintiffs and the officers of the United States the plaintiffs were advised on March 28, 1921, as follows by the Surgeon General of the Public Health Service:
“ Owing to the necessity of salvaging certain materials placed upon the property by the Government, and now needed elsewhere for hospital purposes, the use of the premises will be required until about May 1,1921.”
The United States after March 28, 1921, proceeded to remove, and did remove, all buildings, structures, and improvements placed by the Government on the land of the plaintiffs. The plaintiffs allege that the property so removed by the United States under the terms of the lease belonged to the plaintiffs and was of the value of $100,000, and they have brought this suit in this court to recover the value of the property so removed.
The plaintiffs seem to rely in the first place upon the terms of the lease, and claim that after the expiration of the three years’ period the houses and improvements placed on their property by the Government became theirs. But the lease expressly provides that “ all buildings, fixtures, and/or other imporvements placed in and upon said lands during said terms by the lessee, its successors, or assigns, shall re *488 main the exclusive property oí the lessee, its successors or assigns,” and while the lease further provides for a period of three months after the expiration of the lease during which period the lessee may enter upon the land for the purpose of removing the buildings, fixtures, and improvements placed thereon, yet there is nothing in this provision which defeats that provision of the lease which provides that the buildings, fixtures, and improvements placed upon the land during the term of the lease shall be the exclusive property of the lessee, its successors or assigns. If this interpretation of the meaning of the lease is correct — and we think it is — then the plaintiffs have no title to the property the value of which they are seeking to recover, and the demurrer of the defendant must be sustained.
The Government, however, as appears from the allegations of the petition, never admitted that the property removed from the land of the plaintiffs was the plaintiffs’. On the contrary, the Government asserted title to the property and removed the property from the land, claiming that it owned it, and had use for it elsewhere. This fact that the Government claimed title in the property and denies title in the plaintiffs prevents this court from assuming jurisdiction of the controversy. The plaintiffs could only recover under an implied promise. The law will not imply a promise by the Government to pay for an interest or right in land which right or interest the Government claimed, and claims it possessed before it utilized the same. Tempel v. United States, 248 IT. S. 121, 130.
The facts alleged in the petition do not show an implied promise to pay; they preclude implying such promises. See also Hill v. United States, 149 U. S. 593, 598, 599.
The demuri’er should be sustained and the petition dismissed. And it is so ordered.
Graham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.